UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America | |
| Plaintiff, | Case No. 3:2023-CR-00033 |
| vs. | Defendant's Requested Jury Instructions |
| Rhawnie Marcellais, | |
| Defendant. | |

¶ 1. On behalf of Defendant, Rhawnie Marcellais, by her attorneys, Sand Law, PLLC:

¶ 2. The Defense request the following instructions be added.

¶ 3. Self Defense: if a person believes that force is necessary to protect herself from what she reasonably believes to be unlawful physical harm about to be inflicted by another, and uses such force, then she acted in self defense of herself. See United States v. Walker, 817 F.2d 461, 463 (8th Cir. 1987) (the district court adequately instructed the jury on the law of self-defense, even though the court's instruction did not include the defendant's proposed language asserting that the inability to retreat was a factor to consider and that an aggressor need not be armed in order to raise a self-defense issue); United States v. Farlee, 757 F.3d 810, 818 (8th Cir. 2014) (the district court was not required to give defendant's proposed self defense instruction which included that he was not required to retreat and that the aggressor did not have to be armed for the defendant to assert self-defense where the principle of that affirmative defense was adequately set forth in the model instruction given by the court and where the additional requested instruction was not particularly relevant to the issues in the case and did not constitute a substantial portion of the defendant's defense).

A defendant asserting self defense is admitting the commission of the offense charged, but is offering a justification for his actions. United States v. Stymiest, 581 F.3d 759, 766 (8th Cir. 2009) (held: an assault is not unlawful if it is justified by self defense, and the government must disprove the defense when it is properly raised). The defendant may also raise other, inconsistent defenses. United States v. Fay, 668 F.2d 375, 378 (8th Cir. 1981) (defenses need not be consistent; so the defendant was permitted to raise both the defense of accident and self defense in this assault case); Arcoren v. United States, 929 F.2d 1235, 1245 (8th Cir. 1991) (the fact that a "recognized defense" may be inconsistent with another defense that has been asserted does not justify excluding evidence and failing to give an instruction on that recognized defense).

¶ 4.  The United States in their proposed jury instructions requests that the court use the following phraseology: if the United States has proven all of these essential elements beyond a reasonable doubt, then you must find the Defendant guilty of the crime charged, otherwise, you must find the defendant not guilty of the crime charged.

¶ 5.  The Defense requests that the Court use this alternative phraseology: if the United States fails to prove all of these essential elements beyond a reasonable doubt, then you must find the Defendant not guilty of the crime charged. If the United States has proven all of these essential elements beyond a reasonable doubt, then you must find the Defendant guilty of the crime charged.

Dated: 6/21/2024

**SAND LAW, PLLC**
*Counsel for Defendant*

/s/ Philip Becher
Philip Becher (#08885)
1701 Burnt Boat Drive, #201
Bismarck, ND 58503
Phone: (701) 609-1510
Email: phil@sandlawnd.com