UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

United States of America

    Plaintiff,

      vs.

Rhawnie Marcellais,

    Defendant.

Case No. 3:23CR00033-1

Defendant's Sentencing
Memorandum

¶ 1.    By Defendant, Rhawnie Marcellais, through Counsel, Richard Sand:

¶ 2.    Defendant is set for sentencing in this matter on November 13, 2024.

¶ 3.    Defendant will argue that Defendant should receive a sentence of time served. Defendant will provide a supplemental filing regarding the exact time served when she receives information back from the Marshals office.

¶ 4.    Letters in support of Defendant have been forwarded to the Court for review.

¶ 5.    <u>Presentence Investigation Report (PSIR)</u>:

    a.   A PSIR has been authored in this matter.

    b.   Counsel for Defendant and Defendant have both reviewed this PSIR.

    c.   Defendant strongly objects to the notion that she has not "clearly demonstrated acceptance of responsibility" for the conduct. Specifically, Defendant has taken responsibility and actively engages in rehabilitative measures such as completing: parenting courses, individual counseling, multiple different anger management courses, and is vocal on the benefits of this.

    d.   Defendant has two children: one minor son, Z.M., and a daughter, C.M, who is now of age. Defendant is eager, upon release, to reunite with her children and play an

active and healthy role within their lives. Also, Defendant is looking forward to being able to complete, upon the release, the trauma group, and establishing care through the Rape and Abuse Crisis Center that was recommended to her through her August 2023 exam at Centre, Inc.

¶ 6.    Analysis of 18 USC § 3553 factors to be considered in imposing a sentence:

    a.  Nature and circumstances of the offense and the history and characteristics of the defendant:

        i.  Nature and circumstances of the offense – The conduct at issue in this matter is serious. However, mitigating this is the nature of Defendant taking responsibility, her involvement and completion in rehabilitative actions, her desire to play an active and healthy role in her children's lives, and most importantly C.M.'s adamance that she understands and believes the Defendant had no intention of causing her harm. Defendant has taken great strides to overcome the circumstances that were present during the incident at issue. Defendant has worked hard to situation herself never to be in a similar position again.

        ii.  History of the Defendant – Defendant has a limited criminal history outside of the conduct alleged coinciding with the federal case. Specifically, Defendant plead to a 'Zero Tolerance' charge in 2000 at the age of 18 years old. The other tribal matters are for conduct within or associated with the overarching scheme of the current federal case. She has no pending charges or other arrests.

        iii.  Characteristics of Defendant – Defendant has a strong social support

network in her family. She is taking positive steps to improve her situation. She has completed anger management courses, substance abuse classes, and counseling. While incarcerated she has used her master's degree to help other inmates achieve further education. Defendant has utilized her continued educational courses and has been an upstanding inmate during her time of incarceration. Defendant has resolved that upon release she will work to reunite with her children and obtain a fresh start.

b. Need for the sentence imposed to…

   i. Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense – A sentence for time served in this matter would amount to a life altering period in custody for Defendant. This is a significant and serious sentence for someone, such as her, who has limited prior experience with the criminal justice system. Defendant's time already spent incarcerated has been a life-altering punishment.

   ii. Afford adequate deterrence to criminal conduct – Defendant has taken the time provided by her incarceration to reflect seriously on the nature of her conduct, and how it has impacted herself, her family, and other loved ones. Defendant has taken the time spent incarcerated to participate in self-help that has allowed her to address the root of her then substance-abuse problem, and how it contributed to her actions. The period of incarceration she has already sat has had a substantial effect on her and emphasized her intention to remain law abiding moving forward.

   iii. Protection of the public from further crimes of Defendant – Defendant has

limited criminal history. The circumstances that gave rise to the incident at issue are an outlier and no longer present in Defendant's life. Defendant has also taken great steps to better herself. Specifically, Defendant has worked to be able to identify, eliminate, or remove herself from situations that preceded the conduct at issue. She is not a risk to the public.

iv. To provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner – Defendant has been engaged in counseling, anger management, and other courses while incarcerated. Defendant intends to continue this treatment when she is released. Not only is Defendant participating in classes and training, but Defendant has also used this time to utilize her master's degree in education to help other incarcerated individuals obtain further education.

¶ 7. Defendant believes that due consideration of these factors supports Defendant's recommendation.

Dated: 11/12/2024

**SAND LAW, PLLC**
*Counsel for Defendant*

BY:    /s/ Richard Sand
Richard Sand (#07758)
PO Box 1656
Bismarck, ND 58502
Phone: (701) 609-1510
Email: rick.sand@sandlawnd.com